60

## PORTER v. RASHID et al.
### Civ. No. 161.

District Court, S. D. Iowa, E. D.
Aug. 20, 1946.

Lee J. Farnsworth, of Des Moines, Iowa, for plaintiff.

Edward W. McManus, of Keokuk, Iowa, for defendant.

DEWEY, District Judge.

In the above entitled action the defendants have filed a motion to strike and a motion to make more definite and for a bill of particulars.

The motion was submitted on the last day of our court at Keokuk, Iowa, with an agreement that the parties would file briefs bearing on the questions raised by the motion. No briefs have been filed by either party.

It will have to be admitted that the complaint is very general and recites in Count I thereof that—

Between the dates of January 10, 1945, to February 15, 1946, the defendants offered for sale items controlled by certain regulations and orders with reference to the sale of groceries and upon a substantial number of such items the selling price was not posted.

That between the dates of January 10, 1946, and February 15, 1946, the defendants sold items covered by such regulations and orders above the maximum price fixed by such regulations.

Upon these facts the plaintiff asks for an injunction.

The second count states that in the sales between January 10, 1946, and February 15, 1946, the defendants on divers occasions sold to divers unknown purchasers items covered by such regulations and orders in excess of the maximum price fixed, and the plaintiff asks for a judgment of $50 for each item sold in excess of the maximum price fixed.

■ Defendants' motion to strike is based upon a claim that the allegations are too vague and indefinite to permit proof and do not state a cause of action upon which relief can be granted.

Although general in its terms, each count does set forth a cause of action and said motion to strike is therefore overruled.

■ While the allegations of the first count are very general, the plaintiff will have to establish grounds for an injunction and I think that as far as the first count is concerned, the allegations are sufficient, and the request for a more definite statement is overruled.

■ As to Count II, however, the statements therein are so indefinite and the demands so severe that the claim of the defendants that they could not go to trial on such general, vague statements seems to be well founded.

The present Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provide a method by which information can be obtained to take the place of a motion for more definite statement. These are by interrogatories and by depositions. It is questionable whether answers to interrogatories can be required, under the rules, as against the Government, and to obtain information from a bureau with so many officers and agents presents difficulties and expense.

It would therefore seem that here is a case where the court should exercise its discretion and require from the plaintiff more definite statements.

It is therefore ordered that the motion of the defendants to make Count II of the complaint more definite by setting out when and to whom the sales were made and the purchase price of each item alleged to have been sold in excess of the maximum regulatory price, be and the same is hereby sustained, and the plaintiff is given 30 days in which to file an amendment to Count II of the complaint, setting out such information; and the defendants are given 30 days thereafter to further plead. To all of which the plaintiff and the defendants except.